# STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| Montpelier (Dog River Road) Wastewater Treatment Facility (Permit #3-1207) | Docket No. 138-10-17 Vtec |
| Alburgh (US Route 2) Wastewater Treatment Facility (Permit #3-1180) | Docket No. 139-10-17 Vtec |
| St. Albans (NW Correctional Facility) Wastewater Treatment Facility (Permit #3-1260) | Docket No. 140-10-17 Vtec |
| S. Burlington (Bartlett Bay) Wastewater Treatment Facility (Permit #3-1284) | Docket No. 141-10-17 Vtec |
| St. Albans (Rewes Drive) Wastewater Treatment Facility (Permit #3-1279) | Docket No. 145-10-17 Vtec |
| Shelburne #1 (Crown Road) Wastewater Treatment Facility (Permit #3-1289) | Docket No. 146-10-17 Vtec |
| Shelburne #2 (Harbor Road) Wastewater Treatment Facility (Permit #3-1304) | Docket No. 4-1-18 Vtec |
| Williamstown Wastewater Treatment Facility (Permit #3-1176) | Docket No. 5-1-18 Vtec |
| Hinesburg (Lagoon Road) Wastewater Treatment Facility (Permit #3-1172) | Docket No. 17-2-18 Vtec |

## ENTRY REGARDING MOTION

Title:        Motion for Oral Argument (Motion 7)

Filer:        Conservation Law Foundation

Attorney:     Elena M. Mihaly

Filed Date:   May 21, 2018

No response filed

**The Motion is GRANTED.**

Currently pending before the Court are multiple pre-trial motions by which multiple parties have requested the entry of judgment in each of the above referenced Dockets. Within its reply memorandum in support of its summary judgment motion and in opposition to the adverse parties' motions, Appellant Conservation Law Foundation ("CLF") requested that the Court schedule oral arguments on the pending motions.

The Court has completed its review of all pending motions and the initial draft of a response to those motions. Having completed that initial review, we agree that oral arguments would help the Court fully understand and appreciate all the legal arguments presented by all the parties. The Court therefore requests that all parties prepare to address all legal issues raised in all pending motions. A Notice of Hearing accompanies this Entry Order.

The Court invites the parties to discuss and come to an agreement on the proper order of their respective presentations. It would appear that one possible order of presentation would to first have the Agency of Natural Resources ("ANR") offer its arguments in support of the permit determinations that have been challenged in these various appeals, joined by any municipality that wishes to join ANR is offering arguments in support of the challenged permit determinations. Then, CLF and any municipality that wishes may offer their respective legal arguments in support of the challenges to the appealed permit terms.

We do have a few specific queries that we ask the parties to prepare to clarify at the hearing. First, we have had some difficulty in interpreting CLF Exhibit 16 and its data. We ask that CLF clarify who authored this table and from where the author collected the data. It would be helpful if the data was reported using one measure, be it pounds per year or fractions of metric tons per year.

Second, in evaluating the water quality-based effluent limitations ("WQBELs") that ANR established for the various facilities, we have collected the data, using a common measurement of pounds per year ("lbs/yr"). We ask the parties to determine whether we have properly understood and collected the data in the following graph:

| Facility | Prior permit limit (lbs/yr) | New permit limit lbs/yr | Actual discharge (2017) lbs/yr |
|---|---|---|---|
| Montpelier | ~9,672 | 2,418 | 1032.59 |
| Alburgh | 238 | 238 | |
| St. Albans (NWCF) | 61 | 18 | 6.2 |
| South Burlington | 1,935 | 760 | 108.3 |
| St. Albans City | 6,089 | 2,436 | 3252 |
| Shelburne #1 | 767 | 269 | 314.77 |
| Shelburne #2 | 1,095 | 401 | 244.646 |
| Williamstown | 2,283 | 366 | 974.05 |
| Hinesburg | 608 | 152 | 237.87 |

We have left blank the amount of lbs/yr of actual discharge for the Alburgh Facility because we could not discern that amount from either CLF Exhibits 16 or 17. We ask the parties to clarify this point for us.

Next, we note that in a decision concerning a prior appeal from the permit issued to the Montpelier Facility, we spoke to the proper deference that may or should be afforded water quality or limitation determinations made by ANR and the federal Environmental Protection Agency ("EPA"). See In re Montpelier WWTF Discharge Permit, No. 22-2-08 Vtec, slip op. at 5–7

(Vt. Envtl. Ct. June 30, 2009) (Durkin, J.). It appears that some facts may or may not be similar between that appeal and one or more of the pending appeals. We ask the parties to prepare to speak at hearing about the proper deference that should be afforded to determinations made in the pending appeals. See also In re Korrow, 2018 VT 39.

Lastly, we understand that each of the wastewater treatment facilities whose permits are being challenged in the pending appeals are currently operating, and part of their operation may include improvements that could impact the amount of phosphorus or other pollutants that are discharged into their receiving waters. We wonder what levels of discharge the Court should consider when evaluating the pending motions, or the facts presented at trial, should a trial be necessary. We ask the parties to be prepared to address at hearing whether this reality should be considered by the Court and, if so, how.

**So Ordered.**

Electronically signed on July 12, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Elena M. Mihaly (ERN 8101), Attorney for Appellant Conservation Law Foundation
Joseph S. McLean (ERN 2100), Attorney for the City of Montpelier
Joseph S. McLean, (ERN 2100), Attorney for the Town of Hinesburg
Laura Bucher Murphy (ERN 5042), Attorney for the Vermont Agency of Natural Resources
Douglas M. Brines and Robert C. Roesler, Attorneys for the Village of Alburgh
Brian S. Dunkiel and Jonathan T. Rose, Attorneys for the City of St. Albans
Andrew Bolduc, Attorney for the City of South Burlington
Brian P. Monaghan and James F. Conway, III, Attorneys for the Town of Shelburne